## Herman v. Daly, Jr.

*David Kanner* and *Burton Stein*, for plaintiff.

*Henry J. Lotto*, for defendant.

GOLD, P. J., March 23, 1964.—Plaintiff, an administratrix of her husband's estate, has moved for a protective order against defendant's interrogatories. The interrogatories seek the identity of doctors and the medical care received from them by decedent subsequent to the accident which is the subject matter of this law suit.

The protective order is sought on the ground that since defendant refuses to furnish plaintiff medical information concerning decedent which defendant obtained as a result of physical examination of decedent prior to his death, there should be no obligation on plaintiff to heed defendant's interrogatories until defendant has first heeded and complied with plaintiff's long-standing request for medical information from defendant.

It is contented by plaintiff, and confirmed by docket entries, that defendant has withheld from medical information submitted to plaintiff medical opinion expressed by defendant's examining physician concerning such physician's examination of decedent. From a docket entry dated September 28, 1961, but not from the file itself, it appears that defendant was authorized by the court to withhold that portion of the medical information which contained medical opinion. But it also appears from such docket entry that "in the event of dispute," which has now arisen, "the original report and proposed copy thereof shall be promptly submitted to the court for inspection and determination."

The basic purpose of Pa. R. C. P. 4010 and 4010*(a) is to facilitate the prompt and informal exchange of medical information between the parties. The matter about which the plaintiff here complains was considered in Kozlowski v. O'Brien, 28 D. & C. 2d 742 (1963).

There, Judge Griffiths held that Rule 4010* (a) requires the submission of a complete medical report, including the physician's opinion expressed therein, and that this requirement is similarly binding upon the other party concerning medical information in the possession of the other party. Judge Griffiths stated, "A holding that the reports exchanged must be the complete reports is consistent with the modern trend of requiring full and complete exchange of medical information, in order to facilitate the possibility of settlement": page 745.

We fully approve of the reasoning of Judge Griffiths. Plaintiff has been seeking a full, complete medical report from defendant since September 1961, more than two and one-half years ago. No useful purpose would be served, and more delay would occur by any order requiring compliance with the order set out in the September 28, 1961, docket entry.

Accordingly, we enter the following

*Order*

And now, to wit, March 23, 1964, it is ordered that defendant immediately furnish to plaintiff the complete medical report of a Dr. Gouley covering his examination of Dr. Louis Herman, decedent, such medical report to include any and all opinions expressed therein by Dr. Gouley.

Further, pending compliance with this order by defendant, plaintiff's motion for a protective order is granted. When defendant shall have complied with this order, the protective order herein granted to plaintiff shall be lifted, and plaintiff shall thereafter promptly answer the interrogatories heretofore served upon her by defendant.

Counsel for the parties are requested to cooperate with each other in furnishing to the prothonotary a conformed copy of the September 28, 1961, petition and rule which, although noted among the docket entries, is not a part of the file in this matter.